# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BETTY MATTHEWS** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **DOLGENCORP, LLC** | * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**TO:**   **The Honorable Judges of the**
**United States District Court for the**
**Western District of Louisiana**

   **NOW INTO COURT**, through undersigned counsel, comes Defendant, Dolgencorp,

LLC, ("Dollar General"), who hereby files this Notice of Removal of the above-captioned civil

action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby remove this matter to the

United States District Court for the Western District of Louisiana based on diversity jurisdiction,

28 U.S.C. § 1332 and avers as follows:

### I.

   Plaintiff, Betty Matthews, a person of the age of majority and domiciled in the Parish of

Lincoln, State of Louisiana who, according to her Petition, suffered injuries and damages on or

about July 10, 2013, as a result of a slip and fall the Dollar General.[1]

### II.

   On September 24, 2013, Plaintiff filed suit against Dolgencorp, LLC in the Third Judicial

District Court for the Parish of Lincoln, State of Louisiana alleging injuries and damages

following a slip and fall at the Dollar General store located at 100 Dan Reneau Drive, Ruston,

---

[1] See Petition for Damages , attached hereto as Exhibit 1.

1

Louisiana 71270.[2] The Civil Action Number is 56635 and is titled "*Betty Matthews v. Dolgencorp, LLC.*

### III.

Dolgencorp, LLC was served with the Petition for Damages on September 30, 2013. Dolgencorp, LLC filed its Answer to Petition for Damages on October 24, 2013.

Although this case was not removable when originally filed or amended, it became removable on August 5, 2014 when counsel for Dolgencorp, LLC received Plaintiff's settlement demand outlining that the amount in controversy is well in excess of $75,000.00, exclusive of interest and costs, from plaintiff.[3] 28 U.S.C. §1446(b)(3).  This correspondence amounts to "other paper" from which it was first ascertained that the case is one which has become removable. 28 U.S.C. §1446(b)(3); *Addo v. Globe and Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th 2000) (holding that a plaintiff's demand letter was an "other paper" under § 1446(b) which gave the defendant notice that the case was removable); *Brown v. Richard*, 2000 WL 1653835 *5 (E.D. La.11/2/00).

Dollar General files this removal within the 30-day time period required by 28 U.S.C. §1446(b). *Brown v. Richard*, 2000 WL 1653835 *5 (E.D. La.11/2/00) (holding that defendant's removal within 30 days after receipt of correspondence from plaintiff's counsel was timely.)

### BASIS FOR REMOVAL

### IV.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332.

---

[2] See Petition for Damages, attached hereto as Exhibit 1.
[3] See Plaintiffs' Settlement Demand dated August 5, 2014, attached hereto as Exhibit 2.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

### V.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a).

1.      Plaintiff is a citizen of Louisiana;[4]

2.      Intervenor, Continental Indemnity Company, is a foreign corporation incorporated in the State of Iowa, and has its principal place of business in Nebraska. Thus Continental Indemnity Company is citizen of Iowa and Nebraska.

3.      Defendant, Dolgencorp, LLC, is a single member foreign limited liability company. The sole member of Dolgencorp, LLC is Dollar General Corporation. Dollar General Corporation is incorporated in the State of Tennessee, and has its principal place of business in the State of Tennessee. Thus, Dolgencorp, LLC is a citizen of the State of Tennessee.

## AMOUNT IN CONTROVERSY

### VI.

Additionally, Removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount. La. Code Civ. Proc. Art. 893(A)(1).  However, Article 893 of the Louisiana Code of Civil Procedure does

---

[4] See Petition for Damages , attached hereto as Exhibit 1.

require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required," which Plaintiff failed to do in this case. (Emphasis Added).

## VII.

Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). Instead, defendants need only prove that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

## VIII.

Plaintiff, Betty Matthews, alleges that she is entitled to the following damages as a result of the incident at issue:

1.  Past, present and future physical pain and suffering;

2.  Past, present and future mental anguish, emotional distress and anxiety;

3.  Loss of enjoyment of life; and

4.  Past, present and future medical care and related expenses.

Plaintiff's settlement demand, dated August 5, 2014, expressly outlines that she suffers from neck, back and hip pain since the incident. It also states that she has undergone an SI joint injection, and may require two to three SI joint injections per year for the next twenty (20) years. Furthermore, Plaintiff states that she intends on seeking treatment with an orthopedic surgeon

and pain management clinic. Lastly, Plaintiff notes that she intends on retaining a life/future medical care plan expert to address her future medical expenses. Notwithstanding Plaintiff's ongoing and planned medical treatment, her settlement demand alone demonstrates that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.  More specifically, Plaintiff is seeking $85,000.00 in general damages, plus past medical expenses of $16,073.15 and future medical expenses of $39,488.00. The settlement demand cites cases in which the jury verdict awards were far in excess of $75,000.00, exclusive of interest and costs. *See Dufresne v. Gautreau Family, LLC*, 07-467 (La.App. 5 Cir. 2/22/08); 980 So.2d 68 writ denied, 2008-0629 (La. 5/9/08); 980 So.2d 694 and writ denied, 2008-0628 (La. 5/9/08); 980 So.2d 698 (awarding plaintiff who suffered and SI joint injury in a slip and fall case $800,000 for past and future pain and suffering, $750,000 for past and future mental anguish and $700,000 for past and future loss of enjoyment of life.); *Robinson v. Fontenot*, 2002-0704 (La. 2/7/03); 837 So.2d 1280, 1281 (jury awarded plaintiff who suffered SI joint injury after a slip and fall $100,000.08; however, the trial court finding the jury's award was "abusively low" granted plaintiff's JNOV and awarded $1,174,921.39); *Pellerin v. Humedicenters, Inc.*, 96-1996 (La.App. 4 Cir. 6/11/97); 696 So.2d 590, 593 writ denied, 97-2195 (La. 11/21/97); 703 So.2d 1312 (jury awarded a total of $90,304.68 in damages--$8,222.95 for past medical expenses; $14,081.73 for past lost earnings; $48,000 for past, present, and future physical and mental pain, suffering, and disability; and $20,000 for loss of enjoyment of life.

Based on the foregoing, it is more likely than not that the amount in controversy for Plaintiff's claim is in excess of $75,000.00, exclusive of interest and costs.

## X.

Once the defendant has met her burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir.1995). In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdictional amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit with their complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 412. Once a defendant has removed the case *St. Paul* makes later filings irrelevant. *De Aguilar v. Boeing Co.,* 47 F.3d at 412 (referencing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L. Ed. 845 (1938); and citing, *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992). (Emphasis Added). In his case, Plaintiff has not filed a binding stipulation.

## XI.

Further citing *St. Paul Mercury*, the *De Aguilar* Court noted that "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *De. Aguilar,* 47 F.3d at 1409.

## XIV.

Dolgencorp, LLC was served with the Petition for Damages on September 30, 2013.

## XV.

On October 11, 2013, counsel for Dolgencorp, LLC sent a letter to Plaintiff's counsel requesting that Plaintiff sign an attached Stipulation that no such damages at issue, exclusive of costs and interest are in excess of $75,000.00 and that Plaintiff will not execute any such

judgment in excess of $75,000.00.[5]  Plaintiff declined to agree to the Stipulation and further represented that nothing indicated that the amount in controversy exceeded $75,000.00.[6]

### XVI.

On October 31, 2013, Plaintiff responded to Dolgencorp, LLC's Requests for Admission and acknowledged that she was neither able to admit or deny that her damages were in excess of $75,000.00, exclusive of interest and costs, because her damages continued to accrue.[7]

Since that time, undersigned counsel made several requests for a settlement demand, but Plaintiff did not provide a settlement demand until August 5, 2014.[8] Thus, the settlement demand was the first notice to Dolgencorp, LLC that the amount in controversy was in excess of $75,000.00, exclusive of interest and costs.

### XVII.

All defendants who have been properly served consent to the removal of this case to federal court.

### XIII.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

### XIV.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a).

---

[5] See the letter dated October 11, 2013 with the attached Stipulation, attached hereto in globo as Exhibit 3.
[6] See the e-mail from plaintiff's counsel dated October 14, 2013, attached hereto as Exhibit 4.
[7] See Plaintiff's Responses to Requests for Admission, attached hereto as Exhibit 5.
[8] *Id.*

## XV.

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## XVI.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.


Accordingly, Defendant, Dolgencorp, LLC asks that the above-captioned action be removed to this Court, the United States District Court for the Western District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*

|  | Respectfully Submitted:<br><br>**HAILEY, McNAMARA, HALL,<br>LARMANN & PAPALE, L.L.P.**<br><br>BY:  *s:// Jason M. Baer*<br>**DOMINIC J. OVELLA, #15030<br>SEAN P. MOUNT, #27584<br>JASON M. BAER, #31609**<br>One Galleria Blvd., Suite 1400<br>Metairie, LA  70011-8288<br>Telephone:  (504) 836-6500<br>Facsimile: (504) 836-6565<br>Attorney for defendant, Dolgencorp, LLC |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been served on all counsel of record via facsimile, hand delivery, and/or by depositing same in the United States Mail, postage pre-paid and properly addressed as indicated below.

K. Lamar Walters, III
*Breithaupt, Dunn, Dubos, Shafto & Wolleson, LLC*
1811 Tower Drive., Suite D
Monroe, Louisiana 71201
PHONE: 318-322-1202
FAX: 318-322-1984
Attorney for Plaintiff, Betty Matthews

Lyon H. Garrison
*Forte & Mulcahy, LLC*
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
PHONE: 504-527-0680
FAX: 504-527-0686
Attorney for Intervenor, Continental Indemnity Company

This, the 19th day of August, 2014.

_____ *s:// Jason M. Baer* _____