UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| BETTY MATTHEWS | * | CIVIL ACTION NO: 3:14 cv 2519 |
| | * | |
| | * | |
| VERSUS | * | JUDGE JAMES |
| | * | |
| DOLGENCORP, LLC | * | MAGISTRATE JUDGE HAYES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DOLGENCORP'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Dolgencorp, LLC, who files this Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Dolgencorp's liability. As will be shown, multiple genuine issues of fact remain disputed; therefore, Dolgencorp respectfully requests that this Court deny the instant motion.

## FACTUAL BACKGROUND

I. **INCIDENT**

The facts giving rise to the instant litigation center at the Dollar General store located at 100 West Arizona Avenue in Ruston Louisiana ("Store"). On July 10, 2013, a can of insecticide fell to the floor at the Store and began leaking.[1] The Store's stocker, Henri Turner, notified Store Manager Mitzi Leonard about the spilled insecticide on the floor.[2] It is possible that the can of insecticide was continuing to spray on to the floor after Mr. Turner discovered it.[3] Mr. Turner placed a box on top of the insecticide can and left the area to retrieve a "Caution Wet Floor"

---

[1] Ex. D-1, Leonard Deposition, p. 22.
[2] *Id.* at 49.
[3] *Id.*

sign.[4] The wet floor signs are located "[a]ll over the store;" it would have taken Mr. Turner "seconds" to retrieve one because of the proximity of the spill to the stockroom where a sign was located. [5]

While Mr. Turner was retrieving the caution sign, Ms. Leonard began walking to the area of the spill. After the insecticide spilled and Mr. Turner covered the can with the box, but before he retrieved the caution sign from the adjacent stockroom and Ms. Leonard arrived to the area, Plaintiff Betty Matthews allegedly slipped on the aisle of the spill.[6] Prior to her fall, Plaintiff claims that she did not see the spilled insecticide or the can of insecticide.[7]  However, she did see the box.[8]

Plaintiff testified that the purpose of her visit was to purchase flyswatters for her employer, Cash Cow, as it was part of her job duties.[9] While shopping Plaintiff had either one of or both of her hands full with her personal effects, including her keys  and cash.[10]

## II.    DOLGENCORP'S POLICIES

Employees at the Store conduct three "safety checks" per day to make sure nothing is spilled on the floors.[11]  Additionally, as manager, Ms. Leonard is constantly checking aisles for any hazards throughout the day.[12] Dolgencorp's Standard Operating Procedures provide a policy for responses to spills, which states in part, "When a spill is noticed, protect the area until the 'Caution Wet Floor' sign can be displayed or the cleanup has been completed."[13]  "How to

---

[4] *Id.*
[5] *Id.* at 53.
[6] *Id.* at 18; Ex. D-2, Matthews Deposition, p. 28.
[7] *Id.* at 49.
[8] Ex. D-2, p. 45.
[9] *Id.* at 81, 20.
[10] *Id.* at 37-38.
[11] Ex. D-1, p. 13.
[12] *Id.*
[13] Ex. D-3, Standard Operating Procedures, p. 7.

protect the area" is not specifically defined and does not necessarily mean that an employee has to stand in the area if they can protect the area in another way.[14]

Under the separate section "Store Presentation" of Dolgencorp's Standard Operating Procedures, the policy regarding boxes provides, "If it is necessary to stage boxes in aisles, make certain the boxes are stacked at least knee high."[15]

## LAW AND ARGUMENT

I.  SUMMARY JUDGMENT SHOULD BE DENIED WHERE GENUINE ISSUES OF MATERIAL FACT EXIST

In order for a movant to prevail on summary judgment, she must show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Burke v. Cox*, No. CIV.A. 13-2154, 2014 WL 2440926, at *1 (W.D. La. May 30, 2014) (citing Fed. R. Civ. P. 56 (a) (internal quotation marks omitted). "A fact is 'material' if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Further, "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party." *Id.*

Additionally, "[A] party seeking summary judgment *always bears* the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (emphasis supplied). Although summary judgment is warranted "if the non-movant is unable to identify

---

[14] Ex. D-1, p. 54; Ex. D-4, Spencer Deposition, p. 20-21.
[15] Ex. D-3, p. 4.

anything in the record to support its claim," "the court *must accept* the evidence of the non-movant as *credible* and *draw all justifiable inferences in its favor.*" *Id.* (emphasis supplied)

Importantly, "[w]hen a movant bears the burden of proof on an issue . . . [it] must affirmatively establish its right to prevail as a matter of law." *Id.* (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986) and *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.)). Therefore, the non-moving defendant only has to show that the plaintiff cannot meet her burden on summary judgment on just one element.

Overall, "the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law. *Vanderberg v. Murphy Oil U.S.A., Inc.*, No. CIV.A. 12-0855, 2013 WL 6796424, at *2 (W.D. La. Dec. 19, 2013). As will be shown, Plaintiff cannot establish that no genuine issues of material fact remain, and she cannot show that she is entitled to a judgment of liability as a matter of law against Dolgencorp. As such, her Motion for Partial Summary Judgment should be denied.

## II.   PLAINTIFF CANNOT SHOW THAT SHE IS ENTITLED TO SUMMARY JUDGMENT AGAINST DOLGENCORP UNDER LOUISIANA'S "SLIP AND FALL" STATUTE

A plaintiff seeking damages against a merchant for her slip and fall must satisfy a heightened burden pursuant to La. Rev. Stat. Ann. 9:2800.6. Specifically, she must prove that the

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.*

"Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, *he is not the insurer of the safety of his patrons*." *Ward v. ITT Specialty Risk Servs., Inc.*, 31,990 (La. App. 2 Cir. 6/16/99), 739 So. 2d 251 (emphasis supplied).

### A.   Material Facts Remain In Dispute Regarding Whether The Subject Condition Presented An Unreasonable Risk Of Harm

"La. R.S. 9:2800.6 does not require a merchant to guarantee a totally dry surface." *Barton v. Wal-Mart Stores, Inc.*, 97-801 (La. App. 3 Cir. 12/10/97), 704 So. 2d 361, 367. In addition, "[a] customer has a duty to use reasonable care and to avoid obvious hazards." *Ceasar v. Wal-Mart Stores, Inc.*, 2000-1181 (La. App. 3 Cir. 6/6/01), 787 So. 2d 582, 587. Crucial to resolving Plaintiff's instant motion, "[t]he law and jurisprudence are clear that *it is the jury's role* to determine whether [a condition] [is] 'open and obvious,' [or] an 'unreasonable risk of harm.'" *Farrow v. Dolgencorp, LLC*, No. 12-804, 2014 WL 1118122, at *1 (M.D. La. Mar. 20, 2014); *see also Aldridge v. Petco Animal Supplies Stores, Inc.*, No. CIV.A. 12-2031, 2014 WL 1315587, at *3 (W.D. La. Mar. 28, 2014) ("A jury **could** reasonably conclude that . . . water on the floor near the entrance of [a business] presented an unreasonable risk of harm"—not as an issue of law) (emphasis supplied).

Specifically, "[t]he determination of the unreasonableness of a risk is a mixed question of law and fact *that is the proper province of the jury or finder of fact.*" *Id.* at *3 (citing *Beckham v. Jungle Gym*, 45,325 (La. App. 2 Cir. 5/19/10), 37 So.3d 564, 568) (emphasis supplied). Determining whether a condition presented an unreasonable risk of harm "depends on a determination of whether the hazard . . . was 'open and obvious,' which is *clearly a question for the jury.*" *Id.* at *4 (emphasis supplied).   Therefore, the overall issues of whether the subject condition presented an unreasonable risk, whether the condition was open and obvious, and whether Plaintiff acted reasonably should be left to the trier of fact.

As to the specific surrounding events, Plaintiff testified that while shopping, she had either both of or one of her hands full with her personal effects, including cash and her keys.[16] Had Plaintiff shopped with her hands free she could have possibly prevented the incident by more easily breaking her fall with her hands. Therefore, an issue of fact remains as to whether she was using reasonable care while shopping.

Further, the spilled insecticide and the box on the floor was an obvious hazard, which Plaintiff had a duty to avoid. Plaintiff testified that she saw the box prior to her fall, which would necessitate her looking down on the floor.[17]  While reviewing the surveillance video with Ms. Leonard, Plaintiff's counsel asked, "Do you see that there's some shiny substance around the box? Can you see that, something shining?"[18] Ms. Leonard responded, "There was a glare, so – yes sir, I guess --."[19] If Ms. Leonard noticed the spilled insecticide from a surveillance video, it stands to reason that Plaintiff would have noticed the insecticide when she saw the adjacent box.

Plaintiff has failed to show that no issues of material fact exist as to the first prong of La. R.S. 9:2800.6.

**B.**      **Material Facts Remain In Dispute Regarding Whether Dolgencorp Exercised Reasonable Care**

In determining whether a merchant's "protective measures" demonstrate reasonableness under the third prong of the slip and fall statute, courts should consider the following factors "in light of the circumstances present in each case:"

> the risk involved, the merchant's type and volume of merchandise, the type of display, the floor space used for customer service, the volume of business, the time of day, [and] the section of the premises[.]

---

[16] Ex. D-2, p. 37-38.
[17] *Id.* at 45.
[18] Ex. D-1, p. 30.
[19] *Id.*

*Vanderberg v. Murphy Oil U.S.A., Inc.*, No. CIV.A. 12-0855, 2013 WL 6796424, at *3 (W.D. La. Dec. 19, 2013) (quoting *Barton v. Wal–Mart Stores*, Inc., 704 So.2d 361, 364 (La.App. 3d Cir.1997)) (emphasis supplied).

This Court has stated, "*It is the province of the fact finder to evaluate the above factors and determine reasonableness. We will not preclude the fact finder's function when there are genuine disputes of material fact inherent in the consideration of the above factors.*" *Id.* (denying summary judgment where issue of fact remained as to the merchant's spill policy) (emphasis supplied); *see also Aldridge v. Petco Animal Supplies Stores, Inc.*, No. 12-2031, 2014 WL 1315587, at *5 (W.D. La. Mar. 28, 2014) (denying merchant's motion for summary judgment where issues of fact remained, including the merchant's failure to follow its own policy regarding slippery floors).

Several material issues of fact remain in dispute. Despite Plaintiff's assertions, Dolgencorp can show that 1.) Dolgencorp's spill policy does not mandate that an employee should stay at the site of a spill until another employee can install a "Caution Wet Floor" sign; 2.) Mr. Turner acted "appropriately" under the circumstances when he left the spill after covering the insecticide can with a box to retrieve a "Caution Wet Floor" sign; 3.) the height of the box placed by Mr. Turner in the aisle where Plaintiff fell was not flat; and 4.) the use of the box to protect the area did not violate Dolgencorp's Store Presentation policy.

### i.      Dolgencorp's spill response does not mandate that an employee should stay at the site of a spill until another employee can install a "Caution Wet Floor" sign.

Throughout her Memorandum, Plaintiff incorrectly states that Mr. Turner violated Dolgencorp's spill response policies by not physically remaining at the site of the spill until Ms. Leonard could relieve him while he went to get a wet floor sign. In support of her contention, she quotes Dolgencorp's Standard Operating Procedures, which provides, "When a spill is noticed,

protect the area until the 'Caution Wet Floor' sign can be displayed or the cleanup has been completed."[20] The operative word is "protect," which does not itself command that an employee physically stand at the site of the spill. Nothing else in the procedures discusses what "protect the area" means.

When Mr. Turner noticed the can of insecticide on the ground leaking, he placed a box over the can in order to retrieve a wet floor sign that was seconds away in a nearby storeroom.[21] Placing a box over the insecticide can qualified as "protecting" the area. The deposition testimony of both Ms. Leonard and Ms. Spencer further support the assertion that "protect the area" does not require an employee to physically stand at the spill. Ms. Leonard testified,

> Q      Has any supervisor ever told you that it is explicitly Dolgencorp's policy that somebody stay in the area of the spill while somebody else      goes and gets a wet floor sign . . . immediately after a spill?
>
> A      No.[22]

Ms. Spencer similarly testified as follows:

> Q      Are you aware of, whether in writing or being told, of any policy where if a spill happens that [an employee] has to stay in the exact area of the spill . . . until another employee is able to bring a caution wet floor sign to the scene?
>
> A      No. . . .[23]

The use of "protect" in the spill response policy, without more language, cannot be said to require an employee to physically guard the spill. The testimony of Ms. Leonard and Ms. Spencer further bolster Dolgencorp's position; therefore, an issue of fact remains as to what Dolgencorp's spill response policy requires. However, even if this Court finds that Mr. Turner

---

[20] Ex. D-3, p. 7.
[21] Ex. D-1, p. 53-55.
[22] *Id.* at 54.
[23] Ex. D-4, p. 20.

did not abide by the policy, that itself creates an issue of fact. *See Aldridge v. Petco Animal Supplies Stores, Inc.*, No. 12-2031, 2014 WL 1315587, at *5

> ii.   **Mr. Turner acted "appropriately" under the circumstances when he left the spill after covering it with a box to retrieve a "Caution Wet Floor" sign.**

Without equivocation, Plaintiff states, "The appropriate response [to the spilled insecticide] was for Mr. Turner to stand with and protect the spill until such time as another employee could come to guard the spill, while Mr. Turner left the spill area to obtain the "Caution Wet Floor" sign.[24]  To support this contention, Plaintiff relies on an isolated response of Ms. Leonard to one of Plaintiff's counsel's leading questions in which she agreed that "the appropriate thing based on Dolgencorp's policies for Mr. Turner to do would have been to stand with the spill until such time as another employee could come and guard the spill until he could go get a sign."[25]

However, Plaintiff fails to acknowledge Ms. Leonard's subsequent testimony where she stated, "[I]n my opinion, [Mr. Turner] was protecting the area until he could get the wet floor sign."[26] Ms. Spencer similarly testified, "To me, it's like [Mr. Turner] did what he was supposed to, though. He secured the area to where it was covered."[27] Similarly, in response to whether she would have done the same thing, Ms. Spencer stated, "Yes. Because in some cases people spill stuff and they don't tell you they spilled it and you just -- sometimes you just run up on it. So, sometimes, you just have to cover it and go get what you can to wipe it up or clean it up."[28]

Plaintiff has failed to show that Dolgencorp's policies command one "appropriate response" to handling a spill.  Therefore, there is a genuine issue of material fact exist, as to

---

[24] Plaintiff's Statement of Material Facts, ¶23.
[25] Ex. D-1, p. 39-40.
[26] *Id.* at 58.
[27] Ex. D-4, p. 20-21.
[28] *Id.* at 21.

whether or not Mr. Turner's response was appropriate.  Therefore, Plaintiff's Motion for Partial Summary Judgment should be denied.

> iii.    **An issue of fact remains as to the height of the box Mr. Turner used to protect the area of the spill until he could retrieve a "Caution Wet Floor" sign.**

Without sufficient support in the record, Plaintiff claims that the box Mr. Turner used to protect the area of the spill "had been cut down and flattened" in violation of Dolgencorp's policy of only allowing boxes of "knee-high" height on the floor.[29] In support of her claim, Plaintiff cites Ms. Spencer's deposition in which she initially agrees that the box Mr. Turner used was "flattened out."[30] Plaintiff notably failed to acknowledge Ms. Spencer's *immediate* correction of her statement whereupon she states, "*It probably wasn't flat*, but it was like – because you know they – when we take the stuff out of them, we just cut the box and make it flat; but, you know, it don't always stay down. *It's kind of bulky.*"[31] The height of the box is material in helping the factfinder determine whether Dolgencorp exercised reasonable care in protecting the area until a "Caution Wet Floor" sign could be installed, and whether Plaintiff should have reasonably seen the condition beforehand, which would establish her own negligence.

> iv.    **Mr. Turner's use of the box did not violate Dolgencorp's Store Presentation policy.**

Plaintiff claims that Mr. Turner's use of the box to protect the area of the spill as required by Dolgencorp's Store Presentation policy because the box was not "knee-high" in height.[32] Even if the box was not knee-high, which Dolgencorp does not concede, the use of the box would not violate the presentation policy. The policy states, "[i]f it is necessary to stage boxes in

---

[29] Plaintiff's Statement of Material Facts, ¶¶33-35.
[30] Ex. D-4, p. 16.
[31] *Id.*
[32] Plaintiff's Statement of Material Facts, ¶¶33-34.

aisles, make certain the boxes are stacked at least knee high."[33] Mr. Turner was not "staging" boxes in the context of "Store Presentation." He was confronted with a spill, and placed a box over the spill's source to protect the area while he retrieved a wet floor sign, which was only "seconds" away.[34]   The policy of "Store Presentation" is separate from "Spill Response;" therefore, Plaintiff quoted the language out of context, and an issue of fact remains.

## C.   Plaintiff Cannot Prove That Dolgencorp Failed To Exercise Reasonable Care As A Matter Of Law

Dolgencorp has already shown the existence of several material facts in dispute; however, should this Court find no disputed facts, Plaintiff's motion must nevertheless fail because she cannot prove by a preponderance of the evidence that Dolgencorp failed to exercise reasonable care.

As previously mentioned, courts consider the circumstances of each individual "slip and fall" case by evaluating the following factors: "the risk involved, the merchant's type and volume of merchandise, the type of display, the floor space used for customer service, the volume of business, the time of day, [and] the section of the premises." *Vanderberg v. Murphy Oil U.S.A., Inc.*, No. CIV.A. 12-0855, 2013 WL 6796424, at *3 (W.D. La. Dec. 19, 2013). Plaintiff has failed to produce sufficient evidence in support of these factors, which prevents this Court from holding that Dolgencorp, as a matter of law, acted unreasonably.

It appears as though Plaintiff solely relies on one argument in support of finding that Dolgencorp acted unreasonably: employees did not comply with Dolgencorp's spill response policy. As has already been shown, an issue of fact remains as to what that policy actually requires. However, even if Plaintiff can prove that Dolgencorp's employees deviated from the policy, courts assess several more factors in determining a merchant's reasonableness. *See*

---

[33] Ex. D-3, p. 4.
[34] Ex. D-1, p. 53.

*Sampson v. Lemoine*, 94-1568 (La. App. 3 Cir. 5/3/95), 657 So. 2d 181, 183 ("the jury found that the store exercised reasonable care [where] [t]he store was mopped 15 to 30 minutes before its closing at 9:00 p.m., a time at which *traffic in the store was minimal*") (emphasis supplied); *Barton v. Wal-Mart Stores, Inc.*, 97-801 (La. App. 3 Cir. 12/10/97), 704 So. 2d 361, 367 (court considered a merchant's policies, volume of business, and traffic level of subject area).

Plaintiff asserts that "[c]ourts have consistently held merchants liable for improper responses to spills, such as the response by Mr. Turner and Ms. Leonard;" however, the authority she cites in support of her statement is inapposite, especially at the summary judgment stage.[35] She incorrectly states that the Second Circuit in *Brown v. Brookshire's Grocery Co.*, 38,216 (La. App. 2 Cir. 3/12/04), 868 So. 2d 297 held that "because store employees were aware of the spill, 'the measures which should have been taken to prevent patrons from the known hazard were heightened.'"[36] Plaintiff notably fails to mention that the Court also considered that the spill was "in an area heavily trafficked by patrons either entering or leaving the store" in order to find a heightened duty. *Brown*, 868 So. 2d at 302.

*Brown* further states,

> While we do not conclude that dutiful vigilance by one employee over the spill would not satisfy that [heightened] duty, the evidence in this case *clearly* shows that Turner was somewhat *distracted* and *not particularly alert* to the patrons approaching the spill. This was *not a particularly busy time* in the store.

*Id.* at 302-03 (emphasis supplied).

Plaintiff has failed to adduce *any* evidence that the spill at Dolgencorp was in a heavily trafficked area, that Mr. Turner was distracted in attempting to remedy the spill, that he was not particularly alert, or that the time of the accident on the premises was not a particularly busy time of day. In fact, the testimony of Ms. Leonard and Ms. Spencer support a finding that Mr. Turner

---

[35] Plaintiff's Memorandum in Support, p. 13.
[36] *Id.* at 14.

was trying to swiftly remove the spilled insecticide.  As such, Plaintiff cannot carry her burden to prove that Dolgencorp failed to exercise reasonable care as a matter of law.

## CONCLUSION

Plaintiff cannot show that she is entitled to summary judgment as to Dolgencorp's liability. First, she cannot show that no genuine issues of material fact exist. As Dolgencorp has established, whether the subject condition presented an unreasonable risk, whether the condition was open and obvious, and whether Plaintiff acted reasonably should be left to the trier of fact. In addition, the aforementioned factors court use to determine whether a merchant failed to exercise reasonable care are themselves issues of fact to be determined by the factfinder.

Furthermore, Plaintiff cannot prevail on her claims as a matter of law. When a Plaintiff is a movant on summary judgment, she must be able to establish all of the elements of her claim by a preponderance of the evidence. Plaintiff has not shown that Dolgencorp acted unreasonably by a preponderance of the evidence because she has not adduced sufficient evidence under the multi-factor test. Further, Plaintiff did not act reasonably and avoid obvious hazards on the day of the incident. As such, Dolgencorp respectfully asks this Court to deny her Motion for Partial Summary Judgment.

**[SIGNATURE BLOCK ON NEXT PAGE]**

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>    I do hereby certify that I have on this 30th day of April, 2015, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid and/or by facsimile service.<br><br>              *s:// Anne E. Medo* | Respectfully Submitted,<br><br>**HAILEY, McNAMARA, HALL,<br>LARMANN & PAPALE, L.L.P.**<br><br>BY:  *s:// Anne E. Medo*<br>      **DOMINIC J. OVELLA, #15030 – T.A.**<br>      dovella@hmhlp.com<br>      **SEAN P. MOUNT, #27584**<br>      smount@hmhlp.com<br>      **ANNE E. MEDO, #24556**<br>      amedo@hmhlp.com<br>      **PHILIP D. LORIO, IV #34648**<br>      plorio@hmhlp.com<br>One Galleria Boulevard, Suite 1400<br>P. O. Box 8288<br>Metairie, Louisiana  70011-8288<br>Telephone: (504) 836-6500<br>Attorneys for Defendant, Dolgencorp, LLC |