UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BETTY MATTHEWS | CIVIL ACTION NO. 14-2519 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DOLGENCORP, LLC | MAG. JUDGE KAREN L. HAYES |

RULING

This is a slip and fall diversity case in which Plaintiff Betty Matthews ("Matthews") alleges Defendant DolgenCorp, LLC ("Dollar General") negligently failed to clean up a spill in one of its stores.

Pending before the Court are Matthews' and Continental Indemnity Company's ("Continental") Motions for Partial Summary Judgment. [Doc. Nos. 13 & 14]. Matthews and Continental move the Court to grant summary judgment on the issue of liability.

For the following reasons, the Motions for Summary Judgment are DENIED.

**I.   FACTS AND PROCEDURAL HISTORY**

On the afternoon of July 10, 2013, an unidentified customer knocked a can of Raid roach spray off the shelf at the Dollar General in Ruston, Louisiana.[1]  The can cracked and its transparent contents began leaking on the floor. Soon after, Henri Turner ("Turner"), a stocking associate, discovered the can.  He placed a cardboard box on top of it, informed the store manager, Mitzi Leonard ("Leonard"), and left to retrieve a "Caution Wet Floor" sign from the stockroom, which was close by.  [Doc. No. 17-3, Exh. D-1, Mitzi Leonard Deposition ("Leonard Depo."), pp. 18, 49, 53].

---

[1] The store is located at 100 West Arizona Avenue, Ruston, Louisiana.

While Turner was retrieving the sign, Leonard began walking to the area of the spill. *Id.* at 18.

Unfortunately, in the meantime, Matthews slipped on the leaked spray. *Id.* at 49; *see also* [Doc. No.13, Exh. 1, Betty Matthews' Deposition ("Matthews' Depo."), p. 28]. Matthews testified that, prior to her fall, she noticed the box, but not the spill. [Doc. No.13, Exh. 1, Matthews' Depo., pp. 42, 45]. The surveillance video does not capture Matthews' fall, only the aftermath. [Doc. No.13, Manual Attachment, Surveillance Video, CD-1, Chapter 8, at 45 seconds]. However, it does depict a shiny substance, glaring noticeably on the floor next to the box. *Id; see also* [Doc. No. 17-3, Exh. D-1, Leonard Depo., p. 30].

As a result of her fall, Matthews suffered neck, elbow, and hip pain. *Id.* at p. 62. She seeks $85,000 in general damages, past medical expenses of $16,073.15, and future medical expenses of $38,488. [Doc. No. 1-2, Matthews' Demand Letter, p. 5].

Dollar General's Standard Operating Procedures include a "Spill Response" section, which instructs employees to "respond immediately to any spill . . . [and] block off the area with the 'Caution Wet Floor' sign until the area is dry." [Doc. No. 17-5, Exh. D-3, Standard Operating Procedures, p. 7]. The Spill Response policy further instructs employees to "*protect* the area until the 'Caution Wet Floor' sign can be displayed or the cleanup has been completed." *Id.* (emphasis added). How to "protect the area" is not specifically explained or defined. In a separate section of the Standard Operating Procedures, the "Store Presentation" policy regarding box displays provides "[i]f it is necessary to stage boxes in aisles, make certain the boxes are stacked at least knee high." *Id.* at p. 4.

On September 24, 2013, Matthews initiated suit in the Third Judicial District Court for Lincoln Parish. On August 22, 2014, Dollar General removed to this Court. [Doc. No. 3].

On April 10, 2015, Matthews filed the instant Motion for Partial Summary Judgment [Doc. No. 13], claiming there are no genuine issues of material fact regarding liability, basing her argument primarily on claims Dollar General violated its own safety procedures. Accordingly, Matthews moves the Court to hold Dollar General liable as a matter of law. Continental, as an intervenor, also filed a Motion for Partial Summary Judgment, adopting *in extensio* the entirety of Matthews' Motion. *See* [Doc. No. 14, p. 1]. On April 30, 2015, Dollar General filed an opposition memorandum. [Doc. No. 17], to which Matthews replied. [Doc. No. 19].

## II.  LAW AND ANALYSIS

### A.  Standard of Review

A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is

appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

    **B.**    **Choice of Law**

Because the Court is sitting in diversity, the substantive law of the forum state, Louisiana, applies. *See, e.g., Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[2]

    **C.**    **Premises Liability Under LA. REV. STAT. 9:2800.6**

Essentially, Matthews moves the Court to hold, as a matter of law, that the spilled roach spray presented an unreasonable risk of harm and that Dollar General breached its duty of care in responding to the spill. Dollar General alleges there are multiple issues of material fact that preclude summary judgment.

In a slip or fall case against a merchant, a plaintiff must satisfy the elements of a standard negligence claim in addition to the requirements of LA. REV.STAT. 9:2800.6. *Sheffie v. Wal-Mart La., LLC*, 13-792 (La. App. 5 Cir. 2/26/14); 134 So. 3d 80, 83. The plaintiff's burden of proof in a case governed by this statute is set out in subsection (B), which provides as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or

---

[2] The parties agree that Louisiana law governs this case.

>>constructive notice of the condition which caused the damage, prior to the occurrence.
>>>(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

LA. REV.STAT. 9:2800.6(B).

Thus, under Louisiana law, Matthews has the burden of proving that (1) the spilled roach spray presented an unreasonable risk of harm that was reasonably foreseeable; (2) Dollar General breached its duty of reasonable care; and (3) that Dollar General either created or had actual or constructive notice of the condition prior to Matthews' slip and fall. *Sheffie*, 134 So. 3d at 83-84.

Although a merchant has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons and is not under a duty to discover and remedy hazardous conditions instantly. *See Carney v. Eldorado Resort Casino Shreveport*, 546, 48,761 (La.App. 2 Cir. 1/29/14); 132 So.3d (regarding no duty to insure patrons' safety); *Castille v. Great Atl. & Pac. Tea Co.*, 591 So. 2d 1299, 1303 (La. Ct. App. 1991) (regarding no duty to instantaneously discover and remedy hazardous conditions). The existence of a duty is decided as a matter of law by the court; the absence of an unreasonably dangerous condition necessarily implies the absence of a duty on the part of the defendant. *Leonard v. Ryan's Family Steak Houses, Inc.*, 2005-0775 (La. App. 1 Cir. 6/21/06); 939 So. 2d 401, 40 (internal citations omitted).

Louisiana courts treat the unreasonable risk inquiry as a mixed question of law and fact. *Farrow v. Dolgencorp, LLC*, No. CIV.A.NO. 12-804, 2014 WL 1118122, at *3 (M.D. La. Mar. 20, 2014) (citing *Beckham v. Jungle Gym,* 45,325 (La. App. 2 Cir. 5/19/10); 37 So.3d 564, 568). Unsurprisingly, because premises liability cases are naturally fact intensive and nuanced, whether

a condition constitutes an unreasonably dangerous condition is typically a question of fact for the jury. *Beckham*, 37 So. 3d at 568. However, in some circumstances, Louisiana courts have decided as a matter of law that an alleged risk was *not* unreasonable. *See, e.g.*, *Primrose v. Wal-Mart Stores, Inc.*, 48,370 (La. App. 2 Cir. 10/2/13); 127 So. 3d 13, 17 (affirming summary judgment on trial court's determination that store display in question did not present an unreasonable risk of harm); *Gruver v. Kroger Co.*, 2010-689 (La. App. 3 Cir. 2/2/11); 54 So. 3d 1249, 1253, *writ denied*, 2011-0471 (La. 4/25/11); 62 So. 3d 92 (upholding summary judgment against plaintiff's claim that electric grocery cart constituted an unreasonable risk of harm).

For a condition to create an unreasonable risk of harm, it must be reasonably foreseeable that the condition would cause injury to an individual exercising ordinary care under the circumstances. *Durmon v. Billings*, 38,514 (La. App. 2 Cir. 5/12/04); 873 So. 2d 872, 877, *writ denied*, 2004-1805 (La. 10/29/04), 885 So. 2d 588. Accordingly, Louisiana state and federal courts have held that a potentially dangerous condition does not present an unreasonable risk of harm if the condition was open and obvious. *See, e.g., Pitre v. La. Tech. Univ.,* 95–1466 (La.5/10/96); 673 So.2d 585 ("A potentially dangerous condition that is open and should be obvious to all is not unreasonably dangerous."); *Hays v. Wal Mart Louisiana, LLC*, CIV. A. NO. 09-01003, 2010 WL 4386828, at *2 (W.D. La. Oct. 28, 2010) (same). Whether a hazard was open and obvious is "clearly a question for the jury." *Farrow*, 2014 WL 1118122, at *4.

Numerous material factual issues exist that preclude summary judgment. Questions of fact remain as to whether the spill was open and obvious; therefore, it is a jury question whether the spill presented an unreasonable risk of harm, an essential element of Matthews' case. When reviewing

the surveillance video, Leonard confirmed that the spilled spray was noticeably shining,[3] which is consistent with the Court's observation. Moreover, Matthews testified that she saw the box covering the can prior to her fall, but admits she failed to notice the spill. [Doc. No. 17-4, Exh. D-2, Matthews' Depo., pp. 42, 45]. On these facts alone, the Court finds that summary judgment is inappropriate.

But summary judgment is precluded on additional grounds. Even assuming the spill constituted an unreasonable risk of harm, factual issues remain as to whether Dollar General breached its duty of care. Upon discovering the spill, Turner immediately placed a cardboard box over it; notified the store manager; and went to retrieve a "Caution Wet Floor" sign. As Turner was retrieving the sign, Leonard testified she began walking to the area of the spill. Viewing these facts in the light most favorable to Dollar General, the Court finds that a jury could determine that Dollar General met its duty of care.

Moreover, Matthews' argument that Dollar General violated its own cleanup procedures does not establish Dollar General's negligence because: (a) it is disputed whether Dollar General violated its cleanup policies, and (b) even if it were undisputed, Matthews cites no Louisiana precedent indicating that a merchant's violation of its own safety policies is grounds for summary judgment *against that merchant* on the issue of liability. Dollar General's Standard Operating Procedures ("SOP") regarding spill cleanup instructs employees to "respond immediately to any spill" (the record indicates Dollar General did) and to "protect" the area until a "Caution Wet Floor"

---

[3] Q: "Do you see that there's some shiny substance around the box? Can you see that, something shining?"

A: "There was a glare, so–yes, sir, I guess." [Doc. No. 17-3, Exh. D-1, Leonard Depo., p. 30].

sign can be displayed. Matthews contends Dollar General violated this policy because an employee did not stand by the spill and protect it until the sign arrived.[4] However, the SOP does not define "protect," and the Court finds there are genuine issues of material fact as to whether placing a cardboard box over the spill and summoning the store manager was in compliance with the cleanup policy.

Finally, even assuming that Dollar General violated its policies, its liability is still not established. While evidence that a merchant violated its own safety policies may create factual issues that the merchant breached its duty of care, thus *precluding* summary judgment,[5] Matthews cites no Louisiana authority supporting the proposition that summary judgment on the issue of liability under these conditions should be granted in a plaintiff's favor.

### III. CONCLUSION

For the foregoing reasons, Matthews' and Continental's Motions for Partial Summary Judgment are DENIED.

MONROE, LOUISIANA, this 29th day of May, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[4] Matthews also argues that Dollar General violated its policies because another section of the SOP, the "Store Presentation" section, instructs employees to display boxes knee high, and Turner allegedly failed to do so. However, the height of the box is disputed, and this portion of the SOP does not control the issue because it is unrelated to Dollar General's spill response policies.

[5] *See, e.g., Peoples v. Fred's Stores of Tenn., Inc.*, 2009-1270 (La. App. 3 Cir. 6/2/10); 38 So. 3d 1209, 1223, *writ denied*, 2010-1882 (La. 10/29/10), 48 So. 3d 1090 (denial of summary judgment upheld, in part, because evidence existed that store violated its own safety policies).